UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Criminal Case No. 07-20618-2
v.                                      Honorable Patrick J. Duggan

ROBERT RANISAVLJEVIC,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION OF SENTENCE

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on February 28, 2011.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On June 22, 2009, Defendant pleaded guilty to one of conspiracy to possess with intent to distribute and to distribute a controlled substance (ecstasy) in violation of 21 U.S.C. §§ 846, 841(a)(1). This Court sentenced Defendant on October 27, 2009, to a term of imprisonment of sixty (60) months. Presently before the Court is Defendant's "Motion for Reduction of Sentence in Light of the November 1, 2010 Amendments to the [United States Sentencing Guidelines]," filed December 8, 2010. The Government filed a response to the motion on January 21, 2011.

In his motion, Defendant seeks a reduction in his sentence and cites 18 U.S.C. § 3582(c)(2) and two recently effective amendments to the United States Sentencing

Guidelines ("U.S.S.G.") as the basis for the reduction.  The recent amendments relate to specific offender characteristics of age, mental, and emotional condition (Amendment 739) and cultural assimilation (Amendment 740).  For the reasons that follow, these amendments do not set forth a basis for a reduction of Defendant's sentence.

18 U.S.C. § 3582(c) sets forth three limited circumstances where a district court is authorized to modify a defendant's sentence.  Beyond the circumstances enumerated in the statute, the Court may not modify a term of imprisonment.  *See* 18 U.S.C. § 3582(c).  As relevant to the pending motion, subsection (c)(2) of the statute provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

U.S.S.G. section 1B1.10 sets forth the Sentencing Commission's Policy Statement with respect to reductions in a defendant's term of imprisonment as a result of an amendment to the Guidelines Manual.  As relevant to Defendant's motion, Section 1B1.10(a)(2)(A) explicitly provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if– . . . none of the amendments listed in subsection (c) is

applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A). Neither of the amendments on which Defendant relief are listed in subsection (c) of U.S.S.G. section 1B1.10. Therefore, the amendments do not provide a basis for Defendant's requested reduction in his sentence and no other basis for reducing Defendant's sentence can be found in 18 U.S.C. § 3582(c)(2).

Accordingly,

**IT IS ORDERED**, that Defendant's "Motion for Reduction of Sentence in Light of the November 1, 2010 Amendments to the U.S.S.G. is **DENIED**.

PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:
Robert Ranisavljevic, #43031-039
CI NE Ohio Correctional Center
Correctional Institution
2240 Hubbard Rd.
Youngstown, OH  44501

AUSA Carl D. Gilmer-Hill