UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                       Criminal Case No. 07-20618-2
v.                                         Honorable Patrick J. Duggan

ROBERT RANISAVLJEVIC,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION OF SENTENCE

On June 22, 2009, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute a controlled substance (ecstasy) in violation of 21 U.S.C. §§ 846, 841(a)(1). This Court sentenced Defendant on October 27, 2009, to a term of imprisonment of sixty (60) months. Presently before the Court is Defendant's Motion for Reduction of Sentence, filed February 7, 2012. The Government filed a response to the motion on March 19, 2012.

Defendant is a Canadian citizen who is subject to deportation following the completion of his sentence. Defendant claims in his pending motion that, as a result of his status as a deportable alien, he is subject to harsher conditions of confinement than defendants who are United States citizens and receive the same sentence. For example, Defendant points out that he is not eligible for certain rehabilitation programs, educational resources, furlough time to spend with family in a less restrictive environment, or release into a halfway house to serve part of his sentence. (Def.'s Mot. at

2.) Defendant seeks a reduction in his sentence "to compensate for th[is] disparity." (*See id.* at 5.)

In 18 U.S.C. § 3582(c), Congress provided that a court *may not* modify a term of imprisonment once it has been imposed except in the three limited circumstances set forth in the statute. *See United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (citing *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing 18 U.S.C. § 3582)). Those limited circumstances are as follows: (1) where the Bureau of Prisons requests the modification based upon extraordinary and compelling circumstances warranting a reduction or the fact that the defendant is at least seventy years of age, has served at least thirty years in prison, and presents no danger to the safety of the community, *see* 18 U.S.C. § 3582(c)(1)(A)(i); (2) where modification is permitted expressly by statute or under Federal Rule of Criminal Procedure 35, *see id*. § 3582(c)(1)(B); or (3) where the guideline range for the offense of conviction has been retroactively lowered. *See id*. § 3582(c)(2). Where none of these circumstances are presented, a court lacks jurisdiction to consider a defendant's request to modify his or her sentence. *Williams*, 607 F.3d at 1125 (quoting *Smartt*, 129 F.3d at 541).

In Defendant's case, the Bureau of Prisons has not requested a modification of his sentence, modification is not permitted under Federal Rule of Criminal Procedure 35,[1]

---

[1] Pursuant to Federal Rule of Criminal Procedure 35, the court may correct a sentence under limited circumstances: (a) within fourteen days after sentencing to correct an arithmetical, technical, or other clear error; or (b) upon the Government's motion based on the defendant's substantial assistance post-sentencing. Neither of these circumstances

and the guideline range has not been lowered.  Defendant cites no statute authorizing a modification of his sentence.  In short, this Court lacks the authority at this time to adjust Defendant's sentence based on his status as a deportable alien or the consequences on the conditions of his confinement created by his status.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reduction of Sentence is **DENIED**.

Dated: April 13, 2012                          s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Robert Ranisavljevic, #43031-039
CI NE Ohio Correctional Center
Correctional Institution
2240 Hubbard Rd.
Youngstown, OH   44501

AUSA Carl D. Gilmer-Hill

---

is presented here.